UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BASHAN TAYLOR,

             Plaintiff,

-against-

OFFICE OF THE CITY COMPTROLLER,

             Defendants.
-----------------------------------------------------------X

**ORDER**

11 CV 1248 (RJD) (LB)

DEARIE, District Judge.

On March 14, 2011, "pursuant to General rules of pleading Rule 8.A(1)(2)(3)," pro se plaintiff BaShan Taylor filed a complaint naming six individuals – including four parole officers and an administrative law judge – as defendants, but containing no factual allegations. (Dkt. #1.) Plaintiff attached a set of correspondence to and from various New York City and State officials apparently relating to a parole revocation hearing. By Order dated March 18, 2011, the Court directed plaintiff to file an amended complaint "clarify[ing] the nature of the relief sought and describ[ing] in detail the events at issue." (Dkt. #3, at 2.)

On April 18, 2011, plaintiff pro se and in forma pauperis submitted an amended complaint naming the Office of the City Comptroller alone as defendant. Attaching substantially the same set of correspondence to the amended complaint as he attached to the initial complaint, plaintiff requests that the Court "resolve these situations . . . for report to the Federal Court House." (Dkt. #4, at 2.) The amended "complaint [i]s incoherent and d[oes] not provide Defendant[] with fair notice of the claims" which plaintiff intends to assert. Blakely v. Wells, 209 F. App'x 18, 19 (2d Cir. 2006) (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988)). Thus, the Court once again dismisses plaintiff's complaint without prejudice. To avoid

dismissal, any future complaint must include factual allegations and an ascertainable request for relief. See 28 U.S.C. § 1915(e)(2)(B); Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009).

In one purported letter dated August 19, 2009, signed by plaintiff and addressed "To Senate," plaintiff writes that "the parole officers was waiting for me then went crazy about me," and that one officer said "[t]hat this shows that he's a good Parole officer for locking me up." (Dkt. #4, at 18.) To challenge the revocation of his parole, if such a thing happened, plaintiff must file a motion under 28 U.S.C. § 2254. See Cook v. N.Y.S. Div. of Parole, 321 F.3d 274, 282 (2d Cir. 2003).

The Clerk of the Court is directed to close the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 7, 2011

s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge